# FAYETTE COUNTY.

## March Term, 1795.

### WILLIAM BETTS v. GEORGE DEATH.

THE parties went down the *Ohio* river, to the *Cumberland* river and the *Southern-Territory*, on a joint trading adventure, with whifky, flour, cider, &c. Difputes arifing between them, there was a reference to arbitrators, and an award in favour of *Death* and a fuit before a juftice, and judgment for 20*l. proc.* money, in favour of *Death.* They quarrelled; *Death* beat *Betts*, and, to avoid an arreft in that territory, haftily left it. After his departure, *Betts*, who was to remain and fettle in the territory, brought a foreign attachment on his claim in their traffick, and, having profecuted it to judgment, in the court of *Davidfon* county, brought an action here of *indebitatus affumfit* on that judgment, for 15*l.*13*s.*11*d.* money of that territory, equal to 15*l.*13*s.*11*d.* money of this ftate.

A copy of the record was offered, containing a proceeding in a foreign attachment, in the court of *Davidfon* county, at the town of *Nafhville*, in the *Southern Territory*, reciting a *capias ad refpondendum*, a return *non eft inventus*, a foreign attachment, and fummons to garni-

ſhees, their appearance, and confeſſion of property, one of ten ſhillings, and one of a dollar ; judgment, that a plea of the defendant, entered by his attorney, was in error and void, becauſe not having replevied, he could not plead to iſſue ; then proclamation for the defendant to come in and replevy; and, he not appearing, a judgment by default, a writ of enquiry, and damages found 10*l.* 1*s.* 3*d.* and coſts 5*l.* 12*s.* 8*d.*

*Young,* for the defendant, objected to this. A judgment on a foreign attachment is no proper evidence, as a foreign judgment. It is merely a proceeding *in rem.* The appearance of an attorney is without the knowledge of *Death,* and is void by the opinion of the court in which he appears.

PRESIDENT. A judgment in a foreign attachment is not concluſive, but may be examined into. It is proper evidence in this caſe.

The record was then read.

PRESIDENT. A judgment in an action to which the defendant has appeared in a court of competent juriſdiction, is, with an exception of a foreign court, concluſive on the parties to it. A judgment in a foreign court is, *prima facie,* evidence, but may be diſproved. Perhaps the judgment of a court of another ſtate ought not to be conſidered as a foreign judgment. An attachment is *in rem,* not *in perſonam.* So far as the property attached, it is concluſive, under the precautions and proviſions of the act of aſſembly ; beyond the property attached, the judgment may be queſtioned. So far, it correſponds with the views of juſtice and of the act of the aſſembly. Beyond that, making it concluſive would be contradictory to the rights of natural juſtice, which require that no man ſhall be condemned unheard, or be affected by a judgment, to which he was not a party, and had no opportunity of anſwering.

You will conſider whether the evidence given invalidates the recovery of the ſum found by the jury of inquiry on the foreign attachment, and the coſts, which are both included in the judgment ſtated in this declaration.

Verdict for the plaintiff 14*l.* 14*s.* 7*d.* damages.

*Young,* for the defendant, moved to ſet this verdict aſide, on the ground, that the proceedings on a foreign

attachment, in the *Southern Territory*, ought not to have been received in evidence of a debt; and on an affidavit, that in common dealings and public proceedings in that territory, when any fum of money was mentioned, *proc.* money is meant, and that was rated at two for one.

The verdict was fet afide on the laft point.

And, at *September* term, 1795, this caufe was tried again; when, the evidence of the reference and hearing both parties on it, and of the award, appearing more ftrongly for the defendant, the jury found a verdict for him.